# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## WIMBISH, ASSIGNEE v. BLANKS, ASSIGNEE, &C.

### March 30, 1882.

1. TRUSTEE.—Failing merchant assigns his goods and *choses in action* to a trustee for his creditors. The goods were scheduled at $1,301.07, but sold for $775.83.

HELD:

   Under the circumstances, trustee is not liable for difference.

2. IDEM—*Burden of proof.*—Certain *choses* were reported by commissioner as "doubtful" at date of assignment. Before trustee can be charged therewith, c. q. ts. must prove that those *choses* might have been collected by due diligence.

3. IDEM—*Personal representatives.*—Liability of trustee for collection of *choses in action* would seem different from that of personal representatives, as laid down in *Crouch* v. *Davis*, 23 Gratt. 62.

4. PRACTICE—*Costs.*—Except in case of palpable error, this court, affirming a decree on its merits, will not reverse it with respect to the costs.

Appeal from decree of circuit court of Mecklenburg county in suit of L. W. Wimbish, assignee of J. W. Harden, A. B. Crowder, and J. M. Blanks, plaintiffs in suit of *Crowder, &c.* v. *Harden's Trustee, &c.*, lately pending in said court, against L. E. Finch, trustee in deed of trust executed to him by J. H. Harden, conveying store-goods and *choses in action* for the benefit of the latter's creditors, among whom were the assignors of L. W. Wimbish. The inventory filed with the deed, and prepared by the trustee's agent, valued the goods at $1,301.07. Sold privately and at auction they brought only $775.83. A commissioner of the court reported the debts to be of three classes—"solvent," "doubtful," and "insolvent,"—and charged trustee with the

amount of the "solvent" and "doubtful." The trustee excepted to the report so far as it charged him with the "doubtful"; and the circuit court sustained the exception, on the ground that there was no evidence that the same were, or could have been, collected by the trustee. L. W. Wimbish excepted because the report did not charge trustee with the difference between the scheduled and the sale value of the goods, and with the "doubtful" debts; and with certain debts claimed to have been collected; which exceptions the circuit court overruled, and decreed the payment of the costs out of the trust-funds. The remaining facts are stated in the opinion of the court.

*A. S. Lee, Page & Maury, W. W. Henry,* for appellant.

1. It was error not to charge trustee, Finch, with $525.24, the difference between the appraised value of the goods and the amount of sales.

2. It was error not to charge him with the Tarwater and Harden debt of $384.29, and the E. H. Tarwater debt of $20.63, both proved to have been collectible.

3. It was error to make the trust funds pay the costs—thus rewarding the trustee for his own *laches.*

4. It was error not to charge trustee with the whole amount of the "doubtful" debts, in the absence of *proof by him* of *due diligence.* See *Crouch* v. *Davis,* 23 Gratt. 62; *Townley* v. *Sherborne;* and *Brice* v. *Stokes,* White & Tudor's Leading Cases in Equity, 4th ed. (1877), in notes at pages 1749, 1753.

No counsel for appellees.

STAPLES, J., delivered the opinion of the court.

This case is before us upon an appeal from a decree of the circuit court of Mecklenburg county. Various

errors are assigned as grounds for reversing that decree. One of them is, that the trustee ought to have been charged with the difference between the invoice price of the goods embraced in the deed of trust and the amount of sales actually reported by him.

This difference is a little over five hundred dollars, and is certainly not larger than might have been reasonably expected in the sale of an old lot of goods left by a merchant in failing circumstances. Commissioner Baskerville, in his report of this sale, disposes of the point upon grounds entirely satisfactory. He states that "the goods had to be sold at auction for cash, and the defendant, the trustee, testifies positively that he accounted for the money received by him from the sale of the goods, and as there is no evidence conflicting with this statement, I do not see how he can be charged with any more."

The commissioner was well acquainted with the witness and all the surrounding circumstances; he was therefore more competent than this court to determine the weight justly due to the testimony; and we have no doubt he has reached a very just conclusion.

The next ground of error is the failure to charge the trustee with a debt of $384.29 against Harden and Tarwater, and a small debt of $20.63 due by Tarwater alone. Commissioner Baskerville reported these debts as insolvent. His reasons are stated at considerable length in his report. They are perfectly understood by counsel on both sides, and we need not therefore take the time or trouble to restate them here. They are in our judgment entirely satisfactory.

The next error assigned is the refusal of the circuit court to charge the trustee with certain claims designated in the record as doubtful debts. It is insisted that it is encumbent upon the trustee to show affirmatively that he used active diligence to recover these debts and failed to do so,

or that he abstained from a resort to legal proceedings to enforce payment, because of the insolvency of the debtors.

To sustain this view, much reliance is placed upon the case of *Crouch* v. *Davis*, 23 Gratt., page 62, where it was held that an executor who recovers choses in action belonging to his testator or intestate, must himself show such a state of facts as will relieve him of all liability for the same. In the first place, it is by no means certain that the rule laid down in that case with respect to executors and administrators, can properly be applied to mere trustees for the collection and payment of debts in cases like the present. I think it could be satisfactorily established that the nature of the trust devolving upon the former class of fiduciaries, is very different from that with which the latter is clothed, and consequently the rules affecting their liability are also different. However this may be, there is enough in the record to relieve the trustee from liability for all the debts reported by the commissioner as doubtful and the *onus* was upon the adverse party to show that he had failed in his duty. The trust deed was given as long ago as 1857, by an insolvent merchant, upon a large mass of notes and open accounts, varying in amount from a few cents to a few hundred dollars—by far the larger number not exceeding five or ten dollars.

Most of them, in the very nature of things, must have been entirely worthless by reason of the death, insolvency, or doubtful circumstances of the debtors. To hold that the trustee is to be held liable for all these debts not proved to be insolvent, unless he can show a suit or warrant brought for their recovery, would be to make the office of trustee one of the greatest peril and danger. No man in his senses would ever undertake it. The result would be that in every case the trustee would be required to exhaust the trust funds in useless litigation, or in the pursuit of doubtful claims, or to involve himself personally in a ruinous

liability for costs. The commissioner having reported the debts in question as doubtful at the time they went into the hands of the trustee, it devolved upon the other side to show affirmatively they might have been collected by the exercise of reasonable diligence on his part. Besides all this, we have the uncontradicted testimony of the trustee himself, who states "that in many cases he found the accounts erroneous altogether. In nearly every instance where the debtors were solvent, they had offsets against the grantor in the deed of trust, and he was satisfied that to bring suit for them would be to squander the trust funds." And the learned judge of the circuit court, upon a survey of the whole case, expressed the opinion that the trustee had acted in good faith, with the same care and skill as prudent men ordinarily do in the management of their own affairs, and with even greater success in the collection and preservation of the funds than usually attends the efforts of broken merchants in winding up their own business; he therefore declined to hold the trustee bound for the debts mentioned in the commissioner's report, marked as "doubtful." In this judgment we concur.

It only remains to inquire whether that part of the decree directing the costs of the suit to be paid out of the trust funds, is correct. When this court has determined that the decree of the lower court is right upon the merits, it is not much inclined to interfere with the decision with respect to the costs, unless in a case of palpable error. Although the trustee here is not shown to have been guilty of any breach of trust or mismanagement of the trust funds, he was plainly in default in not settling his accounts. Had he done so, much of the litigation which has ensued would have been avoided. A large portion of the costs which have been incurred have, however, been the result of the attempt to hold the trustee liable for debts which are not properly chargeable against him. It

is extremely difficult, therefore, if not impossible for this court to draw the line, or to undertake to ascertain to what extent the trustee should be held personally liable for the costs actually incurred. Any attempt of this sort would render it necessary to remand the case to the circuit court for a report of a commissioner to settle the question.

As the amount allowed for the costs is the sum of one hundred dollars only, we think on the whole it is better to let the decree stand and affirm it as it is.

DECREE AFFIRMED.